IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EMILIO ALBERTO ENGLETON, 1673400,<br>Petitioner, | )<br>)<br>) |
| v. | ) No. 3:14-CV-2118-D |
| WILLIAM STEPHENS, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>Respondent. | )<br>)<br>)<br>)<br>) |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow.

**I.  Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions for aggravated sexual assault of a child and indecency with a child by contact. *State of Texas v. Emilio Alberto Engleton*, No. F42809 (413th Jud. Dist. Ct., Johnson County, Tex., Oct. 21, 2008). He was sentenced to ten years deferred adjudication probation.

The State subsequently filed motions to revoke Petitioner's probation for failure to register as a sex offender and failure to complete his community service. On October 22, 2010, Petitioner's probation was revoked and he was adjudicated guilty of the offenses. He was

sentenced to life in prison on the aggravated sexual assault of a child conviction, and twenty years in prison on the indecency with a child conviction.

On October 4, 2012, the Eleventh Court of Appeals affirmed Petitioner's convictions. *Engleton v. State*, No. 11-11-00017-CR, 2012 WL 4754914 (Tex. App. – Eastland 2012, pet. ref'd). On February 6, 2013, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review.

On March 3, 2014, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Engleton*, No. 81,216-01. On April 23, 2014, the Court of Criminal Appeals denied the petition without written order.

On May 28, 2014, Petitioner filed the instant § 2254 petition. He argues:

1. He received ineffective assistance of counsel when counsel failed to object to the court's improper admonishment at the deferred adjudication hearing;

2. He received ineffective of counsel during his revocation when counsel failed to object to the court's predetermined sentence;

3. He received ineffective assistance of trial counsel when trial counsel advised him to plead guilty even though the State's witness refused to testify;

4. The court violated his due process rights when it arbitrarily predetermined his sentence at the revocation hearing; and

5. The State violated his due process rights when it breached the terms of the plea agreement.

**Findings, Conclusions and Recommendation of the United States Magistrate Judge -Page 2**

## II. Discussion

### 1. Standard of review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

### 2. Statute of Limitations

Respondent argues that Petitioner's first and third claims are barred by the statute of limitations. In most cases, the limitations period begins to run when the judgment becomes final

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 3**

after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

Petitioner's first claim, that his counsel was ineffective for failing to object to the court's improper admonishment at the deferred adjudication hearing, and his third claim, that his counsel was ineffective for advising him to plead guilty, relate to the October 21, 2008, deferred adjudication proceeding. The Fifth Circuit has determined that orders of deferred adjudication probation are final judgments for purposes of the AEDPA's statute of limitations. *See Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010); *Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir.

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 4**

2005). Petitioner's limitation period for these claims therefore started on October 21, 2008, and expired on October 21, 2009.

The filing of a state petition for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). In this case, however, Petitioner's March 3, 2014 state habeas petition was filed after the one year limitations period expired. It therefore did not toll the limitations period.

Petitioner was required to file these claims by October 21, 2009. He did not file his petition until March 3, 2014. He has also alleged no claim for equitable tolling of the limitations period. These claims are therefore barred by the statute of limitations.

3. **Predetermined Sentence**

   (A)   Procedural Bar

   Petitioner claims the trial court violated his due process rights at the revocation hearing by arbitrarily predetermining his sentence. Respondent argues this claim is procedurally barred because the appellate court found the claim procedurally barred on direct appeal, and the appellate court's decision was the last reasoned decision on this claim. *See Bledsue v. Johnson*, 188 F.3d 250, 255-57 (5th Cir. 1999) (stating federal courts determine the applicability of the procedural bar by "looking through" the state court denial to "the last state court to render a reasoned decision").

   Federal courts may not review a state court decision that rests on an adequate and independent state procedural default, unless the habeas petitioner shows cause for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**

When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *Id*; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).

In this case, the Court declines to find the claim procedurally barred. Although the appellate court found the claim was procedurally barred because Petitioner failed to raise the objection in the trial court, Petitioner also raised the claim on habeas review. The State responded to the merits of the claim on habeas review, and did not argue the claim was procedurally barred. The state habeas findings did not address whether the claim was procedurally barred. The Court therefore finds the state habeas courts did not clearly and expressly state that the claim was denied as procedurally barred.

(B)   Due Process

Petitioner claims the trial court violated his due process rights when the court refused to consider the full range of punishment and refused to consider mitigation evidence. The record shows, however, that Petitioner testified regarding his mitigating evidence during the punishment phase. Petitioner also called two defense witnesses who testified for Petitioner during punishment. Further, evidence was presented at sentencing that Petitioner had raped a twelve-year-old girl, and had impregnated at least one other minor. (Sent. Tr. Vol. 5 at 30, 37, 100.) Petitioner's probation officer also testified that Petitioner failed to turn in any of his sex offender assignments during his twenty months of treatment. (*Id.* at 122-23.) Petitioner also admitted that he failed to do his required community service. (*Id.* at 103.) Petitioner has submitted only his conclusory statement that the court did not consider the full range of punishment. *See Ross v.*

*Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings). This claim should be denied.

(C) Ineffective Assistance of Counsel

Petitioner claims his counsel was ineffective for failing to object to the court's predetermined sentence.

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 7**

As discussed above, Petitioner makes only conclusory allegations that the court predetermined his sentence. Petitioner has failed to establish ineffective assistance of counsel.

### 4. Plea Agreement

Petitioner alleges the State violated his due process rights when it altered the terms and conditions of the plea agreement. Petitioner claims that during his guilty plea proceedings, it was agreed that he could live in the same house with his children, but after his plea the State prohibited this contact, which required him to move out of his residence.

Petitioner has failed to show the State breached the plea agreement. The record shows that Petitioner's Conditions of Community Supervision allowed him to have contact with his daughter Jade and any future children. *Ex parte Engleton* at 263-64. The Conditions also allowed him to live with his then-fiancé and her children provided that the fiancé be present when her children were in the residence, and provided that the fiancé complete the Chaperone Program. *Id.* The Conditions did not state that Petitioner could reside with any of his children. On state habeas review, Petitioner's probation officer submitted an affidavit in which she stated she did not give Petitioner approval to live with his daughter Jade because it was prohibited by his Conditions of Community Supervision. *Ex parte Engleton* at 279. Further, transcripts of the plea hearing show that the prosecutor stated on the record that Petitioner could have contact with his daughter Jade, but the prosecutor did not state Petitioner could reside with Jade. (Plea Trans. Vol. 2 at 14.) Petitioner has failed to show his plea agreement allowed him to reside with Jade or any of his children, and that the State breached the agreement.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 8**

5. **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 14 day of July, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).